The testatrix devised real estate to her grandson "to have and to hold the same with the profits, rents and income for his use and benefit for and during his natural life and at his death to the heirs of his body and their heirs and assigns forever, if he *Page 1485 
should die without heirs of his body then to my heirs forever."
The language of the devise is inconsistent with and is not appropriate to the operation of the Rule in Shelley's Case to vest an estate in fee simple in the life tenant. An estate tail cannot legally be created; and the particular language as used shows a testamentary intent not to devise a fee to the grandson of the testatrix but only a life estate to the grandson and at his death an estate in fee simple "to the heirs of his body and their heirs and assigns forever, if he should" leave heirs of his body, but if he should "die without heirs of his body then" an estate in fee simple "to my (testatrix') heirs forever." The alternative devises in fee simple being contingent, the inheritance, at the death of the testatrix and pending the life estate, was under the law of descents in the heirs of the testatrix, subject to the devised life estate and to the alternative contingent devise in fee simple to the heirs of the body of the life tenant if any or in fee simple to the "heirs" of the testatrix should the life tenant "die without heirs of his body."
As the life tenant died without "heirs of his body," the entire beneficial fee simple estate in the property vested under the will in the "heirs" of the testatrix, who, at the death of the grandson life tenant, were the three living daughters of the testatrix, since the grandson left no descendants, and the widow and father of the grandson are not among the "heirs" of the testatrix.
 TERRELL, C. J., and ELLIS, STRUM and BUFORD, J. J., concur. *Page 1486